```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

AUTO-OWNERS INSURANCE COMPANY,    )
                                  )
               Plaintiff,         )
                                  )
     v.                           )    No.  13 C 4925
                                  )
RICHARD SOSNOWSKI, individually,  )
etc., et al.,                     )
                                  )
               Defendants.        )
```

## MEMORANDUM ORDER

More than a month after it was obligated by this District Court's LR 5.2(f) to do so, Auto-Owners Insurance Company ("Auto-Owners") has delivered a copy of its Complaint for Interpleader to this Court's chambers. This memorandum order is issued sua sponte to direct Auto-Owners' counsel to cure obvious flaws in its invocation of diversity of citizenship as the predicate for federal jurisdiction.

While Complaint ¶3 properly identifies the two elements of Auto-Owners' corporate citizenship as set out in 28 U.S.C. §1332(c)(1), and Complaint ¶6 does the same as to one of the two corporate codefendants, Complaint ¶7 fails in that task as to codefendant Farmington Casualty Company ("Farmington"). Accordingly Complaint ¶7 must be amended to provide the missing information as to Farmington's principal place of business.

As to all three individual defendants, though, only their respective Illinois <u>residences</u> are identified in Complaint ¶¶4-6), even though the diversity statute looks by definition to an

individual's state of citizenship, which does not necessarily coincide with the individual's place of residence (although the two concepts are most often identical). In that circumstance now at hand, our Court of Appeals frequently states (see, e.g., Adams v. Catrambone, 359 F.3d 858, 861 n.3 (7th Cir. 2004)) that "[w]hen the parties allege residence but not citizenship, the district court must dismiss the suit."

This Court is always loath to impose that Draconian sanction, because a person's residence does so often correspond to his or her state of citizenship (though the earlier-mentioned noncompliance by Auto-Owners' counsel with this District Court's LR 5.2(f) would not tend to generate much solicitude for Auto-Owners' counsel). But because the earlier delinquency in delivery of the Complaint has already cost counsel $100, counsel will be permitted to cure this last flawed set of allegations without a dismissal of the case.[1]

Finally, this Court is contemporaneously issuing its usual (except for its lateness) scheduling order that sets an initial status hearing date and directs various litigants' activities to be commenced before that date. To avoid any misunderstanding, those preparatory activities do not include any obligation on the part of the litigant to file a proposed timetable for the pursuit

---

[1] Counsel are directed, however, not to pass along to the client the earlier-imposed $100 cost.

2

of this action.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 15, 2013